## YEAMAN et al., Appellants, v. LEPP.

### Division One, February 19, 1902.

1. **Taxation:** SALE: SUBDIVISIONS. Whether the several legal subdivisions of the land were assessed as one tract or assessed separately, the sheriff, at a sale under special *fieri facias*, can not sell the land as a whole, but must sell it by subdivisions and can sell only so much as is necessary to satisfy the execution and costs, and if he sells it as a whole, the sale will be set aside on a direct proceeding in equity.

2. ———: ———: ———: PETITION: PRESUMPTIONS. Where the law requires contiguous land owned by one person to be by the assessor consolidated into one tract, it will be presumed, in the absence of averment or proof to the contrary, that the assessor did his duty and assessed it as the law requires; and, hence, in an equity suit to set aside the sheriff's sale, in the absence of contrary averments, it will be presumed that the judgment and *fieri facias* in the tax suit directed the sheriff to sell the land or so much thereof as was necessary to satisfy the judgment, execution and costs.

3. ———: ———: ———: ———: SUFFICIENT ALLEGATIONS. A general averment in a suit to set aside a tax sale, that a sale of even the smallest subdivision would have yielded enough to have paid the judgment and costs, is made sufficiently specific, on demurrer, by further

allegations that show that the amount for which the entire tract was sold was more than seven times the debt.

4. ———: ———: PROCEDURE TO SET ASIDE.  A sale of land under *fieri facias* for taxes, if made in violation of the statutory requirements that the sale shall be by subdivisions, can not be attacked collaterally. But it may be attacked directly by the proper motion at the proper time in the court that rendered the judgment and while the matter is still within the control of the court, or then or afterwards by a bill in equity to set the same aside.

5. ———: ———: ———: TENDER.  A court of equity will not set aside a tax sale except upon equitable terms, one of which is a sufficient tender.  And an allegation of an offer to pay the amount the defendant paid for the land, with all the costs and expenses, and that defendant refused the offer, and that said offer is again made, is sufficient allegation of tender.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing*, Judge.

REVERSED AND REMANDED.

*Warren D. Isenberg* and *Joseph G. Williams* for appellants.

(1)  This is an equity case and the issues presented in it will be reviewed by this court as chancellors.  Benne v. Schnecko, 100 Mo. 258; McElroy v. Maxwell, 101 Mo. 308. (2)  The property being susceptible to division and being one tract, a portion of one section, all connected, and sued on as one tract, it was the duty of the sheriff to subdivide the land and sell only so much as was necessary to satisfy the judgment and costs.  R. S. 1899, secs. 3185 and 9375; Kelly v. Hart, 61 Mo. 463; State ex rel. v. Yancy, 61 Mo. 397; Bouldin v. Ewart, 63 Mo. 330; Gordon v. O'Neil, 96 Mo. 350; Roth v. Galbert, 123 Mo. 21; Carrigan v. Smith, 126 Mo. 304; Holdsworth v. Shannon, 113 Mo. 508; Rector v. Hart, 8 Mo. 448; Hicks & Hammond v. Perry, 7 Mo. 346.  (3)  The allegations are to be taken as true when considered on demurrer.

The property was worth $800, the taxes and interest $9.75, costs $15.18, or not to exceed $25. The property in a body sold for $190, this of itself is evidence that they have sold six or seven times the property required or authorized at law. That the property would sell for as much at private sale as a whole as at private sale for its parcels is not the criterion. Gordon v. O'Neil, 96 Mo. 350; Knoop v. Kelsey, 121 Mo. 642; Donham v. Hoover, 135 Mo. 210; McKee v. Logan, 82 Mo. 354. (4) There is no innocent-purchaser proposition in this case. Holdsworth v. Shannon, supra. (5) The petition was sufficient and stated a good cause of action and the demurrer should have been overruled. Kelly v. Hart, 61 Mo. 463. (6) Appellants were not required to tender to respondent the amount bid at any time in law or equity, but considering for the sake of argument that they were, then we say the petition contains allegations of such tender and it alleges there was a tender which had been refused. We were not required to tender that which he had in advance refused. The rule of *caveat emptor* applies to judicial sales, the respondent should be reimbursed, and this court as a court of equity will protect him. We do not seek to do him injustice. He shall and should be protected in his outlay in accordance with equity as administered by our courts. A tender without deposit of money stops interest. Landis v. Saxton, 89 Mo. 375. The rule of equity is, "who seeks equity must do equity," and means simply this: "Equity on equitable terms." These terms are imposed as the price of decree. No tender was necessary at any time. Whelan v. Reilly, 61 Mo. 565; Kline v. Vogel, 90 Mo. 237; Diechman v. Diechman, 49 Mo. 167; Johnson v. Galocks, 63 Mo. App. 578; Soap Works v. Sayers, 55 Mo. App. 16; Harwood v. Diemer, 48 Mo. App. 49. (7) A tax sale is a judicial sale, and governed by same law, and the tax law itself directs that the property be sold or so much as may be necessary—not all of the property. R. S. 1899,

secs. 3185 and 9375; Welshear v. Kelly, 69 Mo. 343; State
ex rel. v. Sargent, 12 Mo. App. 228.

*Kleinschmidt & Reppy* for respondent.

(1) The statutory provision that the sheriff shall sub-
divide real estate offered for sale under execution, is merely
directory.   Field v. Dortch, 34 Ark. 399; Rector v. Hart, 8
Mo. 448; Sheehan v. Stackhouse, 10 Mo. App. 469; Bouldin
v. Ewart, 63 Mo. 330; Lewis v. Whitten, 112 Mo. 318.   (2)
There being no allegation in the petition that the real estate
in question was assessed and sued on as one tract, or that the
lands were owned by the plaintiffs as tenants in common or
by the entirety, each forty-acre tract was liable for its own
taxes and no parcel was liable for the taxes of any other.
State ex rel. v. Sargeant, 12 Mo. App. 228; State ex rel. v.
Sargeant, 76 Mo. 557. (3) No tender of the amount paid by the
respondent for the land in suit, nor the costs of the sheriff's
deed therefor, was tendered to him by the appellants before
the institution of this suit, nor was the offer made in the peti-
tion sufficient, as it did not include costs of the sheriff's deed
and costs of this suit.   Alley v. Burnett, 134 Mo. 313; Ross
v. Mortgage Security Co., 101 Ala. 362; Rogers v. Tindall,
99 Tenn. 356; 21 Encyclopaedia of Pleading and Practice, p.
548.   (4)   The sheriff is a necessary party defendant, as the
petition on its face sought to impound the money in the hands
of the sheriff and prayed for a delivery thereof to the defend-
ant as part of the offer of restitution made therein.

MARSHALL, J.—This is a bill in equity to set aside a
sheriff's deed to the defendant, made under a special fi. fa.
issued upon a judgment for taxes, amounting to $9.75, and
costs $15.18, assessed against the south half of the northwest
quarter, and southwest quarter, and west half of the southwest
quarter of the northeast quarter, of section 28, township 39,

range 4 east, in Jefferson county, containing two hundred and sixty acres, being the property of the plaintiffs.    The petition alleges that in June, 1897, the plaintiffs were made defendants in a tax suit filed in Jefferson county by the tax collector of that county to recover said taxes assessed against said land; that at the September term, 1897, a judgment was rendered for said taxes and costs and foreclosing the lien of the State upon said land therefor; that on October 7, 1897, a special execution was issued to the sheriff commanding him to sell said land, or so much thereof as was necessary, to satisfy the debt and costs; that the sheriff sold the said land to defendant for one hundred and ninety dollars and made him a deed thereto, under which the defendant now claims the land. The petition then alleges the following:

"Plaintiffs claim that said land is reasonably worth the sum of $800, and that at said sale of said land the sheriff wholly violated the law and the commands of the execution in this respect, that he did not offer for sale the said land in its subdivisions, or in any natural or artificial subdivision of the same; and plaintiffs allege that any one of said natural subdivisions would have sold for more than enough to pay said debt and costs, leaving remaining for these plaintiffs the larger part of said 260 acres of land, but that unmindful of his duty to these plaintiffs the said sheriff, at the request of parties interested in the sacrifice of plaintiffs' land, and wholly unmindful of the commands of the execution and his duty to the plaintiffs, never once offered said land in smaller divisions than the whole; whereas the land has three natural subdivisions, one of 20, one of 80, and of one 160 acres, and that the said 80-acre and 160-acre subdivision of the whole could have been conveniently divided into at least six subdivisions of 40 acres each, and so sold, but the said sheriff proceeded to sell the whole, thus attempting in the interest of parties interested in acquiring all of said land, to confiscate the whole of

the property of the plaintiffs in an unlawful and illegal way, for about one-quarter of its reasonable value, but for which he realized on said illegal sale the sum of $190, or about seven times the taxes and costs, or the amount of said judgment.

"Plaintiffs show that there is now in the hands of the sheriff of said county the sum of $146.57, the proceeds in excess of the amount of said judgment, and that these plaintiffs have refused to receive the same, but they here now request that this honorable court, by its order have the same paid into this court to await the final disposition of this suit; that plaintiffs have offered before the institution of this suit to reimburse and pay the said defendant Lepp his money, costs and expenses, if he would reconvey said property to plaintiffs, but he has refused so to do, thus persisting in carrying out the conspiracy to confiscate the whole of plaintiffs' land to pay a small judgment for taxes, and showing his disposition to retain an illegal and unjust advantage of plaintiffs. A plat of said land is hereto attached, marked 'Exhibit A,' showing the position of said land, and the subdivisions of the same, any one of which would have sold, as plaintiffs believe, for sufficient to satisfy and discharge said debt and costs. Plaintiffs here now offer to pay to said defendant Lepp the said amount of money by him bid for said land, or so much thereof as will be necessary in addition to said $146.57 to equal the amount of his bid, $190.

"Plaintiffs show that they had no knowledge of said sale, nor as to the time or place when the same was to be sold, until some months after the sale. That they never consented to nor requested that said land be sold in a body. That had they known of the contemplated sale of said land they would have directed the sale of said land in tracts or subdivisions as the law directs and contemplates. That plaintiffs employed attorneys to institute these proceedings to have said sale set aside as soon as they became aware of the facts.

"Wherefore, plaintiffs pray that said sale be set aside;

that said deed be cancelled, and held for naught, and for such other orders and decrees as to the court may seem equitable and just in the premises."

The defendant demurred to the petition, generally, because it did not state facts sufficient to constitute a cause of action or to entitle the plaintiffs to the equitable relief sought, and specially, because it did not allege that the plaintiffs had tendered to the defendant, before the institution of the suit, the amount of the purchase price paid by the defendant. The circuit court sustained the demurrer, the plaintiffs refused to plead further, a final judgment was rendered for the defendant on demurrer, and the plaintiffs appealed.

## I.

The question presented for adjudication is whether the petition states a cause of action. The plaintiffs' contention is that "the property being susceptible to division and being one tract, a portion of one section, all connected, and sued on as one tract, it was the duty of the sheriff to subdivide the land and sell only so much as was necessary to satisfy the judgment and costs." On the contrary the defendant's contention is that the provision of the statute requiring a sheriff to subdivide real estate offered for sale under execution is only directory, and, further, that "there being no allegation in the petition that the real estate was assessed and sued on as one tract or that the lands were owned by the plaintiffs" [the plaintiffs are Stephen M. Yeaman and Alice A. his wife] "as tenants in common or by the entirety, each forty acre tract was liable for its own taxes and no parcel was liable for the taxes of any other." And in support of the special demurrer the defendant claims that the petition does not state that the plaintiffs tendered to the defendant the cost of the sheriff's deed, amounting to two dollars and fifty cents.

In other words, the plaintiffs contend that the land con-

sisted of three legal divisions, of one hundred and sixty acres, eighty acres, and twenty acres, respectively, and that it was assessed as one tract, and was sold as one tract, when, according to the command of the special fi. fa. and of the statute, the sheriff should have sold each legal division separately and should have sold only so much as was necessary to satisfy the debt and costs, while on the other hand the defendant contends that there is no allegation in the petition that the land was assessed as one tract, that each forty acres was liable for its own taxes and that no parcel was liable for taxes assessed against any other parcel.

In either view the result is that the circuit court erred in sustaining the demurrer. If the land was assessed as one tract and sold as a whole, the sheriff did not obey the command of the fi. fa. nor the provision of the statute, and sell only so much as was necessary to satisfy the debt and costs, and this being a direct attack in equity, the sale must be set aside. If, on the other hand, each forty was assessed separately and was only liable for its own taxes, then each forty should have been sold separately, and as the petition charges that this was not done but that the land was sold as a whole (and the demurrer admits this fact), then the sheriff acted illegally and the sale must be set aside.

The petition does not state whether the land was assessed as one tract or each fractional part of the section separately, nor does it state what the form of the judgment was, but it does state that it was sold as one tract. But however it was assessed, the sheriff acted contrary to law in selling it in bulk.

The statute (sec. 7703, R. S. 1889) provides that: "Each tract of land or lot shall be chargeable with its own taxes, no matter who is the owner, nor in whose name it is or was assessed." Section 7553, Revised Statutes 1889, which relates to the arrangement of the assessor's books, provides: "When any person shall be the owner or original purchaser of a section, half section, quarter section or half quarter section,

block, half block or quarter block, the same shall be assessed as one tract, and the name of such person placed opposite thereto, the lowest numbered range, township, section, block, lot or survey always to be placed first in the 'land list.' The assessor shall consolidate all lands owned by one person in a section, and all town lots owned by one person in a square or block, into one tract, lot or call, where it is practicable; and for any violation of this section in unnecessarily dividing up the same into more tracts than one, or more lots than one, the county court shall deduct from his account, for making the county assessment, ten cents for each tract or lot not so consolidated." Section 7559, Revised Statutes 1889, contains the same provisions. Section 7564, Revised Statutes 1889, relating to the valuation to be placed on property provided: "The assessor shall value and assess all the property on the assessor's books according to its true value in money at the time of the assessment; and all other personal property shall be valued at the cash price of such property at the time and place of listing the same for taxation. Each tract of land and town lot shall be assessed and valued separately; but all land in a section and lots in a square or block, owned by one person, which are contiguous, or which can be consolidated into one tract, lot or call, shall be valued as one tract, lot or call, as contemplated in section 7553."

Section 7682, Revised Statutes 1889, regulating suits to collect back taxes provides that, "all lands owned by the same person or persons may be included in one petition and in one count thereof," etc.

Section 7683, Revised Statutes 1889, provides: "The judgment, if against the defendant, shall describe the land upon which taxes are found to be due; shall state the amount of taxes and interest found to be due upon each tract or lot, and the year or years for which the same are due, up to the rendition thereof, and shall decree that the lien of the State be enforced, and that the real estate, or so much thereof as may be

necessary to satisfy such judgment, interest and costs, be sold, and a special *fieri facias* shall be issued thereon, which shall be executed as in other cases of special judgment and execution, and said judgment shall be a first lien upon said land," etc.

So that, the provisions of section 7703, providing that each tract of land or lot shall be chargeable only with its own taxes, must be read and construed in connection with section 7553, defining what constitutes a tract or lot, and with section 7564 which requires the assessor to value each tract or lot, as defined by section 7553, separately, and with sections 7682 and 7683, which govern the manner of bringing suit to collect back taxes and the form of the judgment to be rendered, and the duty of the sheriff in executing the special fi. fa.

In other words, section 7553 requires all land owned by the same person in the same section, or all lands so owned in the same block, to be consolidated and treated as one tract or one lot, and section 7564 requires each consolidated tract or lot to be assessed separately, when the land lies in the same section or the lots lie in the same square or block, and if they are contiguous or can be consolidated into one tract, lot or call. It is in this sense that the terms tract or lot as used in section 7703 and in section 7683, were employed by the law-makers when they enacted those sections.

The defendant's contention that each forty acres is liable for its own taxes is therefore untenable. But as shown herein, even if it was the proper construction to place upon the statute, the sale in the case at bar is unlawful because the 260 acres were sold in bulk and not separately as forty-acre tracts.

The land in controversy lies in the same section, is contiguous, could be consolidated into one tract and is owned by the same persons. And while it is true the petition does not state that it was assessed as one tract, still the law required it to be so assessed and listed, and it will be presumed, in the absence of averment or proof to the contrary, that the officers, charged with the assessment and collection of the taxes, did

their duty and assessed it as one tract. [Lenox v. Harrison, 88 Mo. 491; Mathias v. O'Neill, 94 Mo. 520; Blodgett v. Schaffer, 94 Mo. 652; Agan v. Shannon, 103 Mo. 661; State ex rel. v. Bank, 120 Mo. 161.]

Hence, the petition must be construed as charging that the two hundred and sixty acres were treated as one tract in the assessment, in the suit for taxes and in the judgment, and that the judgment and special fi. fa. commanded the sheriff to sell the land or only so much thereof as was necessary to satisfy the judgment, interests and costs. The petition charges, and the demurrer admits, that it was not necessary to sell the whole tract to satisfy the judgment, which was for only $9.75, and the costs, which amounted to only $15.18, aggregating $24.93, with interest from September, 1897, the date of the judgment, to the date of the sale, which date is not stated, but is alleged to have occurred before this suit was begun on August 12, 1898; and it further alleges that the sheriff did sell the land in bulk, and that it brought $190, or about seven times the amount of the judgment, interest and costs, and that the land was really worth $800. The petition further charges that the land was easily susceptible of division and sale, either according to the recognized portions of the section, as established by the United States surveys and recognized by chapter 156, Revised Statutes 1889, in which the three parts lay, or into even smaller subdivisions, and that a sale of even the smallest subdivision would have yielded enough to pay the whole amount of the judgment, interest and costs. This is not only sufficiently averred, but the amount realized at the sale shows that it was not necessary to sell the whole tract in order to produce enough money to pay the judgment, interest and costs. The petition, therefore, clearly stated a violation of duty by the sheriff under the statute, which entitles the plaintiffs to have the sale set aside, upon terms.

In reaching this conclusion the case of State ex rel. v. Sargeant, 76 Mo. 557, has not been overlooked. That case is

clearly distinguishable from the case at bar in this, that the judgment was against each lot separately and the fi. fa. commanded the sheriff to sell each lot separately, and in the further particular that sections 7553 and 7555 do not apply to the city of St. Louis in which jurisdiction that case arose, and where a different method of assessing and collecting taxes is provided by the charter of that city.    [Art. 5, Charter, St. Louis, p. 2112, vol. 2, R. S. 1889.]

Counsel for defendant cite Rector v. Hartt, 8 Mo. 448; Bouldin v. Ewart, 63 Mo. 330; and Lewis v. Whitten, 112 Mo. 318, as authority for the claim that the provision of the statutes requiring a sheriff to subdivide a tract of land sold under execution based upon a general judgment or upon a special judgment for taxes is only directory, and contend that the failure of the sheriff to comply with the statute in this regard does not render the sale void, or affect the title of the purchaser.    Those cases, and others that might be cited, do hold that such violation of duty by the sheriff does not render the sale void so that the title conveyed by the sale can be attacked collaterally, but those cases also hold that the sale may be attacked directly either by a proper motion at the proper time in the court that rendered the judgment and while the matter is still within the control of the court, or by a bill in equity, and in this way the sale may be set aside.    This is a direct proceeding in equity, and hence is within the rule.

It only remains to consider whether the petition sufficiently alleges a tender, for of course a court of equity would not set aside the sale except upon equitable terms.    The allegation of the petition is, "that plaintiffs have offered before the institution of this suit to reimburse and pay the said defendant Lepp, his money, costs and expenses, if he would reconvey said property to plaintiffs, but he has refused so to do."    And it further offers to pay Lepp "the amount of money by him bid for said land, or so much thereof as will be necessary in addition to said $146.57" [which is the balance of the

$190 bid by Lepp at the sheriff's sale after paying the judgment, interest and costs]· "to equal the amount of his bid of $190." This is not a direct averment of a tender in its legal sense, that is, an offer of the money, but it does allege and offer to pay the amount the defendant bid and paid for the land with all his costs and expenses, and that the defendant refused the offer, and it renews the offer, and this is all that is necessary in equity. [Whelan v. Reilley, 61 Mo. 565.] And even if no offer was so made, a court of equity has power to impose the terms upon which it will lend its aid, and would require the amount paid to be refunded as a condition precedent to granting the relief. [Kline v. Vogel, 90 Mo. 239.]

It is further contended that as the sheriff, who has possession of the $146.57, balance aforesaid, is not a party to this action, the court can not order that sum returned to the defendant or the plaintiff or any one else. But this does not impair the power of the court to set aside the sale, and to require the plaintiffs to reimburse the defendant. For the court could impose those terms upon the plaintiffs and it would rest with them to produce the necessary amount of money. If the funds in the hands of the sheriff were not available to the plaintiffs for the reason given by the defendant, the plaintiff would have to get that amount from other sources. However, as this case must be retried, the plaintiff should be granted leave to amend by making the sheriff a party defendant, if he is so advised.

The circuit court erred in sustaining the demurrer to the petition and its judgment is therefore reversed and the cause remanded to be proceeded with in accordance herewith. All concur.