STATE ex rel. REED, Respondent, v. C. E. ELLIOTT et al., Appellants.

Kansas City Court of Appeals, November 6, 1905.

1. **EXECUTIONS: Setting Aside Sales: Irregularities: Inadequacy of Price.** Though the defects in a judgment may not be such as to affect its validity and even readily be cured by amendment, they may, nevertheless be considered in passing on the motion to set aside a sale under execution where the price is shockingly inadequate.

State v. Elliott.

2. ———: ———: ———: ———: Tax Sales. And this rule applies likewise in sales for taxes.

3. ———: ———: Tax Sales: Selling Whole Tract. Under an execution sale for taxes the sheriff is only authorized to sell the land "or so much thereof" as may satisfy his execution; and where the taxes are twelve dollars and the land worth four thousand dollars, the whole tract should not be sold.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED (*with directions*).

*Howard Gray* for appellants.

(1) The procedure of collecting delinquent taxes is a matter of statutory creation, and no means can be resorted to to coerce their payment, except such methods as are pointed out in the statute. State ex rel. v. Snyder, 139 Mo. 549; Carondelet to use v. Picot, 38 Mo. 125; The State v. County Court, 13 Mo. App. 53; State ex rel. v. Goodnow, 80 Mo. 271. The judgment, execution and report of sale all show that the suit was conducted on the theory that a lien existed in favor of the State of Missouri for the taxes sued on. The judgment directs the sheriff to enforce the "lien of the State of Missouri." The State had no such lien, and therefore the proceedings were void. Kansas City v. Payne, 71 Mo. 159; Aurora ex rel. v. Lindsey, 146 Mo. 509; State ex rel. v. Edwards, 136 Mo. 360. (2) The only witness examined testified that the property was worth four thousand dollars. The fact that the judgment in this case is for the enforcement of a lien not known to the law, and the further fact that property of such value was sold for twelve dollars and fifty cents made it the duty of the circuit court to set aside the sale. Davis v. McCahn, 143 Mo. 172; Donham v. Hoover, 135 Mo. 210; Cole County v. Madden, 91 Mo. 585. (3) The sheriff in selling land under an execution is the agent of both parties and

bound to protect the interest of both. It is his duty to see that the property is not sacrificed, and if the bids are grossly inadequate, he should return the execution "no sale for want of bidders." And if the price is so inadequate as to shock the moral sense, the court should interfere to promote the ends of justice. Davis v. McCahn, 143 Mo. 172; Railroad v. Brown, 43 Mo. 294. (4) A motion to set aside a judgment and to recall an execution thereon, and to set aside the sale thereunder, is properly made at the term at which the sale is made. St. Louis v. Brooks, 107 Mo. 380; Aurora ex rel. v. Lindsay, 146 Mo. 509; Ray v. Scobbs, 28 Mo. 35.

*Geo. E. Booth, E. O. Brown* and *Geo. W. Crowder* for respondent.

(1) The point that the tax judgment contains a recital enforcing the lien of the "State" instead of the lien of the "city" is not well taken. The objection at best only goes to the form of the judgment and in no wise affects its validity. When jurisdiction attaches as here the rest of the proceedings are merely directory, a strict compliance with which is not essential to the validity of the judgment especially where the parties have appeared and a trial been had. Cooley on Taxation (2 Ed.), 283-4; Thurman v. Jones, 48 Mo. 235; French v. Edwards, 13 Wall. 506-511; State ex rel. v. Phillips, 137 Mo. 265; Thomas v. Chapin, 116 Mo. 396; State ex rel. v. Bank, 120 Mo. 161. (2) A judgment will not be reversed for formal defects unless advantage has been taken of them by motion in arrest in the usual way. Nichols v. Lead & Zinc Co., 85 Mo. App. 587; Sweet v. Maupin, 65 Mo. 65. (3) The appellate courts of this State have uniformly held in a long and unbroken line of decisions that a sheriff's sale of real estate under execution will not, in the absence of fraud or irregularity, which is not claimed in this case, be set aside for mere inadequacy of price. Cubbage v. Franklin, 62 Mo. 364;

Wagner v. Phillips, 51 Mo. 117; Hammond v. Scott, 12 Mo. 8; Gordon v. O'Neil, 96 Mo. 350; Bryant v. Jackson, 99 Mo. 585; Cobb v. Day, 106 Mo. 278; Phillips v. Stewart, 59 Mo. 491; Watters v. Hermann, 99 Mo. 529; Landrum v. Bank, 63 Mo. 48; Duncan v. Saunders, 43 Mo. 29.

ELLISON, J.—This proceeding arose on a motion to set aside an execution sale on a judgment for taxes, amounting to $22.43 and costs of $16.69. It has been certified to this court by the Supreme Court. The motion was overruled by the trial court.

There were some formal defects in the proceedings leading to the judgment and in the judgment itself. But none of these were of sufficient substance to affect the validity of the judgment, especially under our Statute of Jeofails. Execution was issued on the judgment and was, by the sheriff, levied upon twenty acres of land, which the evidence shows was worth two hundred dollars per acre, or the gross sum of four thousand dollars. The sheriff sold the land in gross for $12.50 and returned the execution, whereupon the motion was made to set the sale aside, as stated.

While it is true that the defects in the judgment were not such as would lead the court to set it aside and were such as could readily have been amended; yet they are of importance in this case, since they may well have induced or, at least, contributed to the extraordinary result of four thousand dollars worth of property selling for twelve and one-half dollars. Is it not more than probable (especially in the absence of any explanation) that the imperfections, which plaintiff permitted to get into the judgment, were sufficient to frighten would-be purchasers? We, of course, do not say that persons were thus prevented in this special case. We are only dealing in a general statement, which has, and ought to have, controlling influence in the application of a prin-

ciple of law. Certainly, something influenced the extraordinary and unconscionable result which was reached.

It is a general rule that mere inadequacy of price will not justify setting aside a sale of land sold by the sheriff under a proper judgment. Yet, if the inadequacy is such as to shock the moral sense, the sale will not be allowed to stand. [Davis v. McCann, 143 Mo. 172.]

And this rule will apply to sales under judgments for taxes. [Yeaman v. Lepp, 167 Mo. 61; Corrigan v. Schmidt, 126 Mo. 304; Gordon v. O'Neil, 96 Mo. 350.] Formerly, tax sales were followed by privileges to redeem for a definite time fixed by law, and thus the delinquent had an opportunity to save his property. But, under the present law, a valid and regular sale under a valid and regular proceeding and judgment will divest him of title. Such being the case, the courts will apply the same rule to tax sales as applied to sales under ordinary judgments. And so, too, this conclusiveness of a regular and valid judgment for taxes justifies courts in giving heed to irregularities when they appear and in permitting such irregularities to influence the determination of an attack upon the sale. [Black on Tax Titles, 238.]

Moreover, it is apparent from the opinion of MARSHALL, J., in Yeaman v. Lepp, supra, that, under the circumstances in this case, the sheriff should not have sold the entire twenty acres of land. It was his duty to sell the twenty acres "or so much thereof" as would satisfy the judgment and costs. The case, just cited, arose under statute of 1889; but, as that and the present statute of 1899 are alike in the respect here considered, what is there said applies to the present statute. Besides, by reference to the judgment and execution, the sheriff was only authorized to sell so much of the land as would satisfy the judgment.

The result is that we will reverse the judgment and remand the cause with directions to the trial court to set aside the execution sale. All concur.