;Vol. 113]    APRIL TERM, 1902.    475

Mingo v. Trustees Colored School ,Dist. A. of Garrard County.

---

CASE 62—ACTION BY J. H. MINGO AGAINST COLORED COMMON SCHOOL DISTRICT A. OF GARRARD COUNTY TO RECOVER DAMAGES FOR BREACH OF CONTRACT.—MAY 23.

# Mingo v. Trustees Colored School Dist. A. of Garrard County.

APPEAL FROM GARRARD CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

SCHOOLS AND SCHOOL DISTRICTS—LIABILITY OF DISTRICT FOR BREACH OF CONTRACT BY TRUSTEES—VALIDITY OF CONTRACT WITH TEACHER—FAILURE TO FIX COMPENSATION IN WRITING.

Held:  1. Under Kentucky Statutes, section 4437, providing that trustees of common school districts and their successors shall be a body politic and corporate, and as such may sue and be sued, the trustees, in employing a teacher, represent the district in its corporate capacity, and for a violation of their contract the district is liable.

2. Under Kentucky Statutes, section 4445, providing that the trustees of each school district shall employ a qualified teacher and "agree with him as to compensation," and that the contract "shall expressly prescribe that its terms are subject to all the provisions of the common school laws, and shall be in writing, signed by the teacher and at least two of the trustees," a contract providing that several teachers shall teach a school for the public money, to be "apportioned among them according to an agreement yet to be made,"· is not such a written contract as the law contemplates, as the writing does not fix the compensation, but leaves it for future agreement; and therefore the contract is not enforceable.

476          KENTUCKY REPORTS.          [Vol. 113

Mingo v. Trustees Colored School Dist. A. of Garrard County.

J. E. ROBINSON AND W. J. WILLIAMS, FOR APPELLANT.

By their demurrers the appellees admit the truth of the allegations of the petition that the trustees of colored common school district A. made, in writing, a contract with appellant to teach the public school for the present year, that he was qualified to teach and offered to teach but was prevented by the trustees from doing so.

We contend that the contract thus made in writing, signed by two of the trustees, binds the school district, and that the plaintiff's cause of action is against the school district and not the trustees individually.

### AUTHORITIES CITED.

Sec. 4437, Kentucky Statutes; Johnson v. Trustees of Common School District No. 13, 18 R., 887; Stephenson v. School Directors, 87 Ill., 255; Am. & Eng. Ency. of Law (1st ed.) vol. 21, p. 754, note 2, p. 757, note 7, p. 758, note 1; (30 Mo. App., 113.)

WM. HERNDON, R. H. TOMLINSON AND G. B. SWINEBROAD, FOR APPELLEES.

The court did not err in sustaining a demurrer to plaintiff's petition and dismissing his action, because:

1. If he had any cause of action it was against the trustees individually, and not against the school district.

2. The allegations of his petition do not show that the writing signed by two of the trustees was such a writing as is required by the statute and does not bind the trustees nor the school district, there being no agreement in said writing as to the compensation that plaintiff was to receive. Hill & Burgin v. Harris, 4 Bush, 450; sec. 4445, Kentucky Statutes; Houngan v. Phillips, 7 R., 150; Civil Code, sec. 27; Ferguson v. True, &c., 3 Bush, 255; Tracy & Lloyd v. Hornbuckle, &c., 8 Bush, 336; Allen v. Russell, &c., 73 R., 116.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

A demurrer to the petition as amended was sustained, and, the plaintiff (appellant) failing to plead further, the court dismissed the petition. It was substantially averred in the petition by the appellant that he and the trustees of colored common-school district No. A, on July 6, 1901, entered into a written contract by which he was employed to

act as principal of the colored common school for the period of eight months, at the agreed compensation of 60 per cent. of the public money due the district; that at the time fixed for commencing the school appellant presented himself and offered to carry out his contract to conduct the school for the period stated that he held a first-class certificate and was qualified to discharge the duty which he contracted to perform that no charges were ever made against him; that, at the time fixed for commencing the school, the trustees of the district refused to allow him to conduct the school, but installed another principal thereof..

It is urged: (1) That the school district is not liable for any damages that the appellant may have sustained for the alleged violation of the contract; that the trustees individually are responsible. (2) That the contract which is the basis of the suit is not enforceable under the common-school law; hence no action can be maintained thereon. We will consider the questions in the order stated.

Section 4437, Kentucky Statutes, provides that trustees of common-school districts and their successors shall be a body politic and corporate, with perpetual succession, by the name of the trustees, for their school districts, and as such may sue and be sued. In such contracts as they are authorized to make they represent the district in its corporate capacity. When they employ a teacher they do not act as individuals, but for the district. If they violate their contract, the school district is responsible therefor. This court so held in Johnson v. Trustees 18 R., 888 (38 S. W., 861).

The other question is a more serious one. Section 4445, Kentucky Statutes, reads as follows: "The trustees in their corporate capacity, at a meeting called for that purpose, shall employ a qualified teacher, agree with him as to com-

478　　　　KENTUCKY REPORTS.　　　[Vol. 113·

Mingo v. Trustees Colored School Dist. A. of Garrard County.

pensation, and for good cause, of which he be first notified
in writing, remove him, subject to the approval of the county
superintendent. The contract between the teacher and trus-
tees shall not be entered into before the first of July of the
calendar year in which the school is to begin. . . . It shall
expressly prescribe that its terms are subject to all the pro-
visions of the common school laws, and shall be in writing,
signed by the teacher and at least two of the trustees." The
appellant made part of his petition the alleged written con-
tract with the trustees. It reads as follows: "At a meeting
called by the trustees of colored school district No. A, in
Lancaster, Kentucky, for the purpose of electing teachers
to conduct the school in the school year ending June 30,
1902, we, the trustees of said district, do hereby appoint and
name J. H. Mingo principal, Miss Bernice Perkins and Miss
W. B. Lackey assistants. They, being qualified teachers.
will teach the school . . . months for the public money,
which will be apportioned among them according to an agree-
ment yet to be made by them and the teachers." The stat-
ute requires that the trustee shall agree with the teacher as
to compensation, and further provides that the contract
shall be in writing, signed by the teacher and at least two
of the trustees, and that "it shall expressly prescribe that
its terms are subject to all the provisions of the common
school laws." It is evident that the Legislature intended
that the district should only be bound when the contract is
in writing; and, furthermore, that it should expressly pro-
vide that it is subject to the common-school laws. It will
be observed from the language employed in the writing that
the compensation which appellant was to receive was not
agreed upon. It is true that it recites that the school was
to be taught for the public money due the district, but that
the amount which the appellant was to receive was to be

fixed by him, the other teachers in the school, and the trustees. There was a failure to agree upon appellant's compensation; that was left for future agreement. For this reason, we are of the opinion that there was no written contract in contemplation of the law, and no cause of action exists.

The judgment is affirmed.