## Davis, et al. v. Harrison, By, et al.

(Decided November 4, 1910.)

### Appeal from McCracken Circuit Court.

1. Schools—Employment of Teachers.—Educational Division Boards are not required in order to comply with the law to inquire into the eligibility of a teacher who presents a certificate authorizing her to teach in the public schools. They have the right to assume that the certificate would not be granted by the Board of Examiners unless the person holding it was eligible.

2. Same.—No person without a certificate to teach is eligible to the position of teacher in a common school.

3. Teachers—Employment of—Compensation.—It is the duty of the board to enter into a written contract in the manner provided by law with teachers, which contract shall provide the compensation the teacher is to receive; and a contract in which the compensation is not agreed upon is not a valid and enforcible contract. But, it is the duty of the board, or the chairman thereof, to prepare a contract in due form for the signature of the teacher.

4. Teachers—Employment of.—The board can only employ teachers at a regular or called meeting, when a quorum is present in person, and a majority of the board must vote for the teacher who is employed. If the superintendent is present at the meeting, at which a tie arises, he may then cast his vote and make a decision; but if he is not present, the board may certify to him the facts, and he can notify in writing the board of his decision.

5. Mandamus.—The Division Board that employed H. as a teacher consisted of eight members. Four voted for H. and four voted for B. The fact of a tie vote was brought to the attention of the county superintendent, who voted in favor of H., and directed the board to enter into a contract with her. The chairman of the board refused to sign the contract, and H. brought a suit for mandamus against him to compel him to sign the contract. Held, that an action for mandamus would lie, and that the chairman could not make the defense that the contract tendered by H. was not in proper form, as it was his duty to prepare a proper contract.

DAVID BROWNING, W. MIKE OLIVER, OLIVER, OLIVER & WICKLIFFE, for appellant.

HENDRICK & CORBETT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In September, 1909, the appellee was elected by the board of educational division No. 4 of McCracken county to teach the fourth grade in Lone Oak school for six months beginning on the 16th of September, 1909. Her election was made to fill a vacancy in the corps of teachers that occurred on September 15, 1909.

The appellant Davis was chairman of the board, and as he refused to sign the contract made by the educational division with appellee she brought this suit against him and prayed that a writ of mandamus be issued, commanding Davis as chairman to sign the contract.

The court heard the application for a mandamus, issued the writ and Davis appeals.

One of the grounds relied on for reversal is that the petition was insufficient, in failing to state a cause of action, and the general demurrer to it should have been sustained. The objections to the petition are that it failed to state that the appellee was over eighteen years of age, or that she had been elected as a teacher and did not sufficintly show that a legal and enforcible contract had been entered into between the board and appellee and tendered to appellant for his signature.

The petition as amended averred in substance that the appellee who sued by her next friend was under twenty-one years of age, that she had a first-class certificate authorizing her to teach school in the common and graded schools of Kentucky, and that on the 16th of September, 1909, she was duly elected and chosen by the board of educational division No. 4 of McCracken county to teach the fourth grade in the school at Lone Oak for six months beginning on the 16th of September, 1909. The appellant, as chairman of the board, wrongfully and in violation of his duties refused to sign the contract between herself and the board, that was prepared by the secretary, and refused to permit her to teach, and threatened to and would ignore her as a teacher.

The educational Division of District No. 4 is composed of eight persons. This board held a meeting on September 13th, for the purpose of electing a teacher, and four of the members voted for appellee and four for a Miss Browning. This resulted in a tie, and under section 4426a, of the Kentucky Statutes, the county superintendent of schools, who is ex officio a member of each educational division board, has the right to cast the deciding vote. W. A. Middleton, who had recently been appointed county superintendent of schools of McCracken county was present at this meeting and was requested to cast the deciding vote, but he declined to do so, stating that he had not then executed his official bond but that as soon as his bond was executed and accepted he would make a decision. On September 16th he executed his official bond, and on the same day notified in writing the secretary of the educational division board that he cast his vote in favor of appellee, and accordingly declared her elected as teacher, and directed the appellant Davis and R. H. Potter, as chairman and secretary of the board to prepare a contract in the manner prescribed by law, sign the same, and have appellee sign it. This

notification of his decision was sent to Potter, the secretary, who received it before September 18th, and on the 18th Potter prepared a contract between appellee and the board, setting out that the board had entered into an engagement with her to teach the fourth grade in the Lone Oak school for six months beginning September 16th, 1909, "in accordance with the common school law and the rules and regulations prescribed in pursuance thereof by the State Board of Education for the public money per month. The said teacher hereby holds herself subject to the legal supervision and direction of said board of Education and to the visitation and lawful authority of the county superintendent, the said board of education reserving the right to dismiss said teacher at any time whatever for any of the causes specified in the common school law." This contract was signed by the appellee and the secretary.

The common school law provides that a certificate to teach shall not be issued to an applicant under eighteen years of age, but it was not necessary that appellee should allege in her petition that she was over eighteen years of age. The fact that she had a certificate to teach, from the persons authorized to issue certificates, was presumptive evidence that she possessed all the qualifications necessary to teach, and the board that elected her had the right to and did so assume. Having obtained in a fair and proper way a certificate to teach, the question as to her eligibility had no place in this proceeding to compel appellant to sign her contract.

It is true that no person without a certificate to teach is eligible to the position of teacher in a common school, but when the applicant presents to the board having authority to employ teachers a certificate issued in due form by the persons invested with power and authority to issue certificates, the board in order to come, within the law in the employment of teachers need not inquire into the eligibility of the applicant. Upon this point they may safely depend upon the fact that the applicant is in the possession of a certificate that entitles him to teach in a common school in this state.

Sections 4445 of the Kentucky Statutes provides in part that the trustees, now the board of education, shall agree with the teacher who is employed as to the compensation to be paid, and in Mingo v. Trustees, 113 Ky. 475, it was held that a contract failing to provide the compensation that the teacher should receive was not

such a contract as the law contemplated should be entered into, and consequently no action would lie for its breach. And if this were an action by the appellee against the board of education to recover damages for a breach of contract upon their part, in failing or refusing to employ her after this contract was entered into, it would be pertinent to inquire whether or not the contract was made in conformity with the school laws and was such a contract as would enable either party to recover damages for its breach. But the validity of the contract as the basis of a cause of action for its breach is not even indirectly involved in this litigation. Nor is the appellant as chairman in a position to raise any question as to the insufficiency of the contract tendered for his signature. As the appellee was duly and regularly elected teacher, it became the duty of appellant as chairman of the board in connection with the secretary to enter into a valid contract with her in accordance with the provisions of the common school law. And so if the contract presented to the appellant by the appellee for his signature was not in due form, it was his duty as chairman, or the duty of the board, to prepare one that would be acceptable under the law. As it was his duty or the duty of the board of education to prepare the contract, manifestly the chairman of the board cannot give as a reason for refusing to sign it that it was not in proper form.

The question is further made that the employment of teachers can only be made at a regular or called meeting of the board, that it is under the law a body politic and corporate, and can only perform functions belonging to it in a corporate capacity at meetings of the board when a quorum is present. With this statement of the law applicable, we do not find any fault. In fact, it is so written in sub-section 6 of section 4426a of the Kentucky Statutes, where is it stated that:

 "It shall be the duty of the division board of trustees in each educational division to elect one or more teachers for each school in such educational district except as hereinafter provided. A majority of the members of such division board shall be necessary to the election of any teacher for services in any sub-district. * * * The division board in each educational division shall meet for the consideration of applications and the election of teachers on the last Saturday in June following the election of trustees. * * *"

And in Scott v. Pendley, 114 Ky. 606, this court held in effect that no meeting of the trustees at which business was transacted could be held unless all were present or unless the absent members had notice, provided they were in the county and with reasonable effort and diligence the notice could have been served upon them. And we have no doubt that meetings of the board at which teachers are elected must be held at the time specified in the statute or at such times as the chairman of the division board may designate, and that a majority of the members of the board must be present in person. This being our construction of the law, the question remains, was it necessary that the county superintendent should have cast his vote in favor of the employment of appellee as a teacher at a meeting of the board at which he and a quorum of the board was present? Subsection 4 of section 4426a of the Kentucky Statutes, reads in part that:

"The county superintendent of schools shall meet the trustees so elected from the various school sub-districts of each educational division at some point to be designated by him within such educational division within thirty days after the date of their election, proper notice having been given in writing to each trustee as to the time and place of such meeting for the purpose of organizing the trustees so elected into a division board of school trustees by choosing one of said trustees to be chairman and one to be secretary of said division board. The county superintendent of schools shall be a member of such division board of his county, but shall only vote upon any matter in case of a tie vote, and then he shall cast the deciding vote. * * *"

It will be observed that the statute provides that the county superintendent shall be present at the meeting at which the board is organized but we do not think it was contemplated or intended that he should be present at each subsequent meeting of these division boards, although he may be present if he desires and take part in the proceedings, except that he cannot vote unless there is a tie. The board, if a majority is present, can transact business and elect teachers. If a majority of the board is present, and there is a tie vote in the election of a teacher, then the county superintendent may vote to break the tie, and make an election. If he is present at a meeting when there is a tie, his vote becomes necessary, and he may of course then vote, but if he is not present

the board may certify to him the result and he can then in writing addressed to the board make his decision. In each county there are a number of division boards that meet at different times and places, and to require the county superintendent to attend these various meetings would impose upon him unnecessary and onerous duties.

The questions considered are the chief points relied on for reversal, but they are not sufficient to warrant us in disturbing the judgment, and so it is affirmed.