## Lawless, County Superintendent v. Scholl.

(Decided January 20, 1920.)

### Appeal from Russell Circuit Court.

1. Mandamus—Schools and School Districts—Salary of Teacher.—A school teacher may mandamus a county superintendent to compel him to pay her salary.
2. Schools and School Districts—Teachers' Contracts—Form of.— The state school department prescribes the form of contract with teachers throughout the state and county boards of education have no authority to alter this form. Under section 4434a, volume 3, Kentucky Statutes, contracts for the services of teachers must be signed by the chairman and secretary of a division board of the division in which the teacher is employed and the teacher.

W. R. CRESS and J. H. STONE for appellant.

LILBURN PHELPS and ROBERT ANTLE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Affirming.

Miss Susie Scholl was employed by the division board of education, division No. 4, in Russell county, to teach the public school for the school year 1919-20, in subdistrict No. 16 in that division, and entered into a contract which was signed by her, W. F. Wilson, chairman of the division board, and L. D. Hammond, secretary thereof.

The contract so executed is as follows:

"This article of agreement made and entered into on the 7th day of June, 1919. Witnesseth: That Miss Susie Scholl Jabez holding a first class certificate, has contracted with the division board of education of educational division number 4, county of Russell, state of Kentucky, to teach the white common school in educational division number 4, subdistrict number 16 for a term of six months, beginning on July 7, 1919, in accordance with the common school laws and the rules and regulations prescribed in pursuance thereof by the state board of education, for the sum of $............................................, this being $.......................... per month in accordance with the teachers' salary schedule of the county and subject to any additional sum which may be due at the close of the term of school on account of attendance.

"The said teacher hereby holds himself, subject to the legal supervision and direction of said board of education and to the visitation and lawful authority of the county superintendent, the said board of education reserving the right to dismiss said teacher at any time whatever, for any of the causes specified in the common school laws.

                    "DIVISION BOARD OF EDUCATION,
                        L. D. HAMMOND, Secretary. .
                    "By W. F. WILSON, Chairman.
                    "SUSIE H. SCHOLL, Teacher."

It appears that this contract was a printed form prepared by the state department of schools and in general use throughout the state. At any rate the state department does prepare these forms for use by local boards.

It is also shown by the record that the county board of education of Russell county, before distributing or sending out these form contracts to the educational divisions in the county, adopted a resolution providing that all contracts of employment with the teachers of Russell county for the year 1919 should contain a clause providing that if by reason of epidemic schools of the

county should be closed the teachers should make up the time unless the schools of the whole state were closed. And pursuant to this resolution the board of education added in typewriting to the printed forms of contract that were sent to it by the state school department for use in Russell county, these words: "In case school is suspended on account of an epidemic, said teacher agrees to lose the time."

When the contracts for his district with this added matter were received by Wilson, the chairman of the division board of education, division No. 4, he erased the clause inserted by the board of education, and the contract without this clause was executed as before stated.

Miss Scholl having taught the school she was selected to teach, she in due manner and form made out her report, which, after being signed by the proper school authorities, was sent to B. A. Lawless, county superintendent of common schools of Russell county with the request that he pay her salary for the month. The superiendent, however, although he had in his possession funds sufficient to pay her salary as requested, refused to do so, first, because the contract did not specify the salary she was to receive per month nor did her report or request state the sum to which she was entitled; and second, because the contract under which she taught the school did not contain the clause added by the board of education.

It further appears that the county board of education adopted a resolution directing the county superintendent not to pay the salary of any teacher whose contract did not contain the clause before mentioned and that Miss Scholl was advised before suit was brought that if she would sign a contract containing this clause her salary would be paid, but this she refused to do, contending that the contract she had was sufficient.

Following his refusal to pay the salary she brought this suit for a mandamus against him, and when it came on to be heard in the lower court a writ of mandamus was awarded and the superintendent was directed to pay Miss Scholl out of the funds in his hands the amount of salary due her for teaching the school for the month ending August 1, 1919. From this judgment the superintendent prosecutes this appeal.

In regard to the failure of the contract to specify the sum per month the teacher was to receive it is provided

in section 4434a-14, vol. 3, Kentucky Statutes, that "All salaries of subdistrict teachers shall be based on and regulated by the qualification of the teacher and the number of children actually in attendance in proportion to the number enrolled in the school census for the district, graduated in accordance with and in conformity to such rules and regulations governing same as shall be hereafter prescribed by the state board of education." It is further provided in section 4434a-15, that "The salary schedules of the counties of the state shall be reported to and, if according to law, approved by the state board of education. . . ." And we are informed by counsel for Miss Scholl that when the contract was made it was not known what the salary of Miss Scholl would be.

It further appears that when the demand for payment was made and this suit brought that the county superintendent had in his possession the salary schedule for Russell county and this district and knew the exact amount that Miss Scholl was entitled to receive for teaching this school. Under these circumstances we hardly think the failure of the contract to specify, or the suit to name, the amount that Miss Scholl was entitled to were material omissions.

She could likely have secured from the county superintendent the amount of the sum to which she was entitled before making demand or bringing the suit, but her omission in this respect did not mislead the superintendent, who, as we have said, had full information as to the amount due her, and this technical objection raised by him does not constitute reversible error under the facts of this case.

The other contention on behalf of the superintendent is that the authority to prescribe the form of contract with teachers lies in the county board of education and not in the chairman of the division board. It is true, as argued by counsel for the superintendent, that it is provided in part in section 4426a of the Kentucky Statutes, vol. 3, that "Each and every county in this Commonwealth shall compose one school district;" and further true that the general superintendency of common schools in the county is vested in the county board of education, but we do not find in the statute nor have we been referred by counsel to any statute expressly conferring on the county board of education the right to prescribe the

form of contract that shall be signed by teachers, and, as before stated, our information, gained from the state department of education, is that the form of contract is prepared by the state department.

It might also be here said that there are so many omissions, defects and imperfections in the common school laws of the state that much confusion is brought about in attempting to administer them. The case we have furnishes one example. It is, however, provided in section 4434a-4, vol. 3, Kentucky Statutes, that "It shall be the duty of the subdistrict trustee to nominate and recommend in writing to the division board one or more teachers for each school in his subdistrict, and with said nomination and recommendation he shall convey the teachers' credentials and any objections, remonstrances or petitions that may be offered, in writing, to the election of said teacher or teachers, and the board shall elect for each subdistrict a teacher or teachers nominated by the trustees thereof when such teacher possesses the necessary qualifications and no reasonable objection is offered." And further provided that "Contracts for the service of all teachers shall be in writing, signed in duplicate by the teacher and by the chairman and secretary of the division board of the division in which the teacher is employed."

It would thus seem that when the contract is according to the form prescribed by the state school department and it has been executed by the teacher, the chairman and secretary of the division board, the law in respect to the contract has been complied with.

Finding no error in the judgment it is affirmed.