## Leslie County Board of Education v. Melton.

April 18, 1939.

J. T. Bowling, Special Judge.

M. C. BEGLEY for appellant.

A. S. ASHER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, William Melton, began teaching in the Leslie County High School at Hyden, Kentucky, in October, 1936, and was discharged by the County Board of Education on January 11, 1937. The board paid to him during the time he taught the sum of $433. After the termination of the school year, he brought this action against the County Board of Education to recover the sum of $346.40, the balance alleged to be due under his contract. He averred in his petition that he was employed by the County Board of Education to teach in the Leslie County High School for a period of nine months at a salary of $86.60 per month; that he taught five months and was paid for that period, but the Board of Education on January 11, 1937, breached its contract and discharged him. A demurrer to the petition was overruled. The defendant filed an answer in which, after traversing the averments of the petition, it alleged that the contract sued upon was not in writing, as required by the statute, and the plaintiff therefore had no contract on which to base an action. No response to this pleading appears in the record. On the trial of the case, the plaintiff testified that during the summer of 1936, when he was working in a store at Hazard, Kentucky, Elmer E. Huff, chairman of the Leslie County Board of Education, told him that he "had a

place in the school.'' Thereafter, plaintiff went to Hyden, Kentucky, and assumed the duties of a teacher in the school. He admitted that he had no contract in writing, and he did not claim that he made an applica- tion for the position, that he was nominated by the county superintendent or was actually employed by the County Board of Education for any specific period, or at all. At the conclusion of the plaintiff's testimony. the defendant moved the court to peremptorily instruct the jury to find for it, and the motion was overruled. The defendant declined to introduce any testimony, and the court thereupon peremptorily instructed the jury to find for the plaintiff in the sum of $346.40. The defend- ant has prayed an appeal in this court.

Section 4384-30 of the Kentucky Statutes, which is a part of Chapter 65 of the Acts of 1934, provides that the Superintendent of Public Instruction shall prepare, or cause to be prepared, and submit for approval and adoption by the State Board of Education a uniform series of forms and blanks, including forms of contracts for use in the several school districts in the Common- wealth. This section is substantially a re-enactment of Section 4396-2 of Carroll's Kentucky Statutes, 1930 Edition, which was a part of Chapter 58 of the Session Acts of 1924. In Gover v. Stovall, 237 Ky. 172, 35 S. W. (2d) 24, it was held that the Act of 1924 required con- tracts for the employment of teachers to be in writing. In that case Gover brought an action against the Board of Education alleging that he had been employed by it as a teacher and had been wrongfully discharged. He failed to allege that his employment was in writing. It was held that the statute mandatorily required that the contract should be in writing, and that the circuit court properly sustained a demurrer to the petition. In Mingo v. Trustees, 113 Ky. 475, 68 S. W. 483, 24 Ky. Law Rep. 288, and Lawless, County Superintendent, v. Scholl, 186 Ky. 566, 217 S. W. 681, it was held that when a contract of employment of a teacher in the public schools is re- quired by the statute to be in writing such requirement is mandatory, and a verbal contract is not enforceable. These cases are controlling here, and it follows that the court erred in overruling appellant's motion for a di- rected verdict in its favor.

The motion for an appeal is sustained, and the judgment is reversed, for further proceedings consistent herewith.