STATE of Missouri, at the relation of Gale JOSLIN, Appellant,

v.

SCHOOL DISTRICT NO. 7 OF JASPER COUNTY, Missouri, and Gene McClintock, Joe Joines, Virgil Melvin, Dean Kincaid, Tom Ball and Fred Isenmann, Jr., Members of the Board of Education of said School District, Respondents.

No. 7578.

Springfield Court of Appeals.

Missouri.

May 17, 1957.

Frieze & Crandall, Carthage, for appellant.

McReynolds, Flanigan & Flanigan, Carthage, for respondents.

STONE, Judge.

A concatenation of circumstances, unique and unparalleled in reported cases in this jurisdiction, culminated in this proceeding in mandamus, in which relator, Gale Joslin, employed for twelve years prior to June 30, 1956, as a vocational agriculture instructor by the Board of Education of School District No. 7 of Jasper County, Missouri (hereinafter referred to as the board), seeks to compel that district and the six members of the board to present to relator "a contract of re-employment" for the school year beginning July 1, 1956. From the judgment of the circuit court quashing the alternative writ of mandamus and dismissing the cause, relator appeals.

School District No. 7 "is a town or consolidated district as defined in Section 165.010," which is governed by six directors. (All statutory references are to RSMo. 1949, V.A.M.S.) Relator, last employed by the board under a written contract for the year from July 1, 1955, to June 30, 1956, became (for reasons neither disclosed nor material) a controversial figure in School District No. 7. When, at a special meeting on April 6, 1956, the board considered re-employment of teachers, the vote on a motion that "we offer Gale Joslin a contract for the 1956–57 school year" was three for re-employment and three against re-employment. Whereupon, the six directors unanimously adopted a motion that "we table the matter about Gale Joslin's re-employment and if the three opposing members wish to call in the County Superintendent to do so at their convenience." See Section 165.320.

On April 9, 1956, three members of the board in writing requested John F. Wilson, Superintendent of Schools of Jasper County (hereinafter sometimes referred to as the county superintendent), "to cast the deciding vote on the question of the re-employment of relator at a meeting to be held April 11, 1956." This litigation was spawned by the failure of the county superintendent to attend said meeting "because of another engagement," and by his attempt to cast his vote by letter. The minutes of the meeting of April 11, 1956, recite that, immediately following another three-to-three tie vote on a motion that "we re-employ Gale Joslin for 1956–57 school term," Gene McClintock, President of the Board, "read a letter written by the county superintendent, John Wilson, casting the deciding vote," which (in the language of the letter) was "that the teacher in question be relieved of his duty as a teacher in your school system." On the following day, to-wit, April 12, 1956, President McClintock delivered to relator personally a letter reading, in part, that "This is to inform you that the Jasper School Board of Education voted on Wednesday night, April 11, 1956, four to three, against your re-employment."

The only other occasion on which relator's re-employment was considered by the board was at a special meeting on May 26, 1956, which the county superintendent attended in person. Immediately following another three-to-three tie vote at that meeting on a motion to adopt a formal resolu-

tion that "the act of Gene McClintock in delivering to said Gale Joslin notice of his lack of employment * * * be and the same is hereby ratified and confirmed as fully as if it had been formally authorized in advance by formal vote of this board and reflected in its minutes," three directors requested that the county superintendent cast the deciding vote on such motion to adopt the resolution, and he thereupon voted in favor thereof.

In the meantime, to-wit, on April 30, 1956, counsel for relator had written the board that, "based upon Section 165.320," the act of the county superintendent "in casting what purported to be the deciding vote for dismissal of our client was null and void * inasmuch as he was not present at the meeting" of the board on April 11, 1956, that the written notice of April 12, 1956, to relator "was ineffective as being based upon an illegal act," and that relator "accepts re-employment" for the 1956–57 school year "under the same terms and conditions as provided in his contract for the school year 1955–1956." Institution of the instant proceeding followed on May 2, 1956.

In his original brief here filed, relator says that "the precise question on this appeal is 'Did John F. Wilson, Superintendent of Schools * * *, have the right and authority to cast his vote by letter as a member of respondent school board?'" And, the sole point stated under relator's "Points to be Relied Upon for Reversal of Judgment" is that "the court erred in holding that John F. Wilson, Superintendent of Schools * * *, had authority under the law to cast a vote in absentia by letter as a member of the board * * *." Although relator's able and industrious counsel persuasively argue this point, the only case cited on "the precise question" posed by them holds, contrariwise, that a county superintendent "can * * * in writing addressed to the board make his decision." Davis v. Harrison, 140 Ky. 520, 131 S.W. 272, 274–275(5). But con-

cluding, as we have, that proper disposition of the instant proceeding does not necessitate determination of this question, our ruling thereupon is expressly reserved; and, for the purposes of this opinion, we assume (without, however, so deciding) that a county superintendent may not vote by letter when properly requested to act pursuant to Section 165.320. However, it does not follow that relator is entitled to the relief sought.

Section 163.090, on which relator relies, required the board to determine, on or before April 15, 1956, whether he would be re-employed for the succeeding school year beginning July 1, 1956 [Bergmann v. Board of Education of Normandy Consolidated School Dist., 360 Mo. 644, 654, 230 S.W.2d 714, 720], and the agreed statement of facts indisputably establishes that the board undertook to make such determination on April 6, 1956. The motion that "we offer Gale Joslin a contract for the 1956–57 school year" appropriately recognized that Section 163.090 did not establish " 'some sort of tenure for teachers' " [Bergmann case, supra, 230 S.W.2d loc. cit. 720] and did not change the legal effect of the written contract under which relator was employed for the year ending June 30, 1956 [Dye v. School Dist. No. 32 of Pulaski County, 355 Mo. 231, 240, 195 S.W.2d 874, 879], but that, if relator was to be re-employed, the statute contemplated "the execution of a new, specific and distinct annual contract" for the succeeding year beginning July 1, 1956. Bergmann case, supra, 230 S.W.2d loc. cit. 720. On the tie vote of three to three, the motion to re-employ relator was lost. 67 C.J.S. Officers § 109a, loc. cit. 396; Robert's Rules of Order Revised (1951), pp. 191–192; Demeter's Manual of Parliamentary Law and Procedure (1953), p. 38; Nolan's Guide to Parliamentary Practice (1938), p. 107. Consult also Pennsylvania Publications, Inc., v. Pennsylvania Public Utility Commission, 152 Pa.Super. 279, 32 A.2d 40, 50, reversed on other grounds 349 Pa. 184, 36 A.2d 777, 153 A.L.R. 457; Strong v. Fromm

Laboratories, 273 Wis. 159, 77 N.W.2d 389, 393(1).

■ With the board thus equally divided, neither the three members favoring nor the like number opposing relator's re-employment were under any *duty* or *compulsion,* but any three (or more) members had the *permissive right,* to request the county superintendent to "cast the deciding vote upon such question" as to whether relator should be re-employed. Section 165.320. The three members opposing relator's re-employment having elected to invoke action by the county superintendent, he endeavored to vote *against* relator's re-employment but in such manner and by such means that (as relator insists and we assume) his vote was ineffective. However, so conceding that the purported vote of the county superintendent *against* the motion to re-employ relator should not be recognized or counted, such motion at the meeting of April 11, 1956, again was lost on a tie vote of three to three.

■ Section 165.320 plainly provides in unambiguous and unequivocal terms that no teacher shall be employed "unless a majority of the whole board shall vote therefor" [see also Irwin v. Reorganized School Dist. No. R-3 of Washington County, Mo.App., 256 S.W.2d 290, 293–294]; and, insofar as Sections 165.320 and 163.090 are in pari materia, it is our duty so to construe them as to harmonize and give effect to all provisions of both statutes. State ex rel. and to Use of Public Service Commission v. Padberg, 346 Mo. 1133, 1137, 145 S.W.2d 150, 151(5); Sayles v. Kansas City Structural Steel Co., 344 Mo. 756, 765, 128 S.W.2d 1046, 1051(7); State ex rel. Mills v. Allen, 344 Mo. 743, 751, 128 S.W.2d 1040, 1043(5); Gilbert v. Edwards, Mo. App., 276 S.W.2d 611, 617(8). No reason, either legal or otherwise, is suggested or apparent why the above-quoted provision of Section 165.320 should be construed as applicable *only* to the *first* year of employment by a school district; but, on the contrary, considerations of reason, logic

and public policy would seem to support our conclusion that the prohibition against employment of a teacher "unless a majority of the whole board shall vote therefor" is applicable as to *each* year of employment or re-employment, particularly in view of the fact that, as we have noted, Section 163.090 does not establish tenure for teachers but contemplates "the execution of a new, specific and distinct annual contract" for each year. Bergmann case, supra, 230 S.W.2d loc. cit. 720. Of course, failure to give to a teacher under contract timely notice "concerning his or her re-employment or lack thereof * * * shall constitute re-employment on the same terms" [Section 163.090]; but, in the instant case, a written notice advising relator, in substance and effect, that he lacked re-employment was delivered to him personally on April 12, 1956. Contrast Common School Dist. No. 27 of Gasconade County v. Brinkmann, Mo. App., 233 S.W.2d 768.

■■ In his *reply* brief, relator argues that the written notice to him on April 12, 1956, was unauthorized and ineffective because the minutes of the board's meeting of April 11, 1956, "do not disclose that any vote was taken to authorize the president of the board, Gene McClintock, to notify relator." Supreme Court Rule 1.08(a) plainly requires that appellant's original brief *"shall* contain," among other things, "(t)he points relied on, which *shall* show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder," and Rule 1.08(d) repeats, emphasizes and amplifies this requirement, which clearly contemplates "a particularization in statement of the points relied upon and the citation of authorities to the specific point to which they apply." Wipfler v. Basler, Mo., 250 S.W.2d 982, 985(4); Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 912, 245 S.W.2d 96, 102(11); Lomax v. Sawtell, Mo.App., 286 S.W.2d 40, 42(4). Under the heading "Points to be Relied Upon for Reversal of Judgment," relator-appel-

lant in the instant case stated (as hereinbefore noted) the *sole* point that "the court erred in holding that John F. Wilson, Superintendent of Schools \* \* \*, had authority under the law to cast a vote *in absentia* by letter as a member of the board \* \* \* ," and the cases cited by relator were directed to that point *alone*. Even with respect to relator's-appellant's *original* brief "(w)e have no license or right to seine through the statement of facts or the argument in an effort to ascertain the contentions on which appellant relies, for it is settled that a point not made in the manner prescribed by Rule 1.08 should not be considered on appeal." Beeler v. Board of Adjustment of City of Joplin, Mo.App., 298 S.W.2d 481, 483(2), and cases there cited. A fortiori, the only issue raised in relator's original brief may not be enlarged by argument in the *reply* brief. State ex rel. Houser v. St. Louis Union Trust Co., Mo., 248 S.W.2d 592, 594(1), certiorari dismissed 348 U.S. 932, 75 S.Ct. 354, 99 L.Ed. 731; Berghorn v. Reorganized School Dist. No. 8, Franklin County, 364 Mo. 121, 135, 260 S.W.2d 573, 580(6); Caldwell v. First National Bank of Wellston, Mo.App., 283 S.W.2d 921, 925(10). Thus, no issue with respect to the written notice admittedly given to relator on April 12, 1956, is presented on this appeal, and certainly the instant record discloses nothing which calls for our invocation, sua sponte, of Supreme Court Rule 3.27.

The judgment of the circuit court quashing the alternative writ of mandamus and dismissing the cause is affirmed.

McDOWELL, P. J., and RUARK, J., concur.