————o————

State *ex rel.* Adam Beck, Appellant, *vs.* Jeremiah Yancy, et al., Respondents.

1. *Executions—Failure to sell land in parcels—Motion to set aside—Misjoinder—Effect of.*—In case of sale of town land susceptible of subdivision into smaller parcels or lots, where the proof shows that a less number would have satisfied the debt, the sale will be set aside on motion of parties whose rights are affected. And where, on the hearing of such a motion, it appears that the original defendant in the execution has sold out all his interest to one who was a stranger to the record, and both are joined in the motion, although the former will have no standing in court, yet the joinder will not work a denial of the application as to the latter.

*Appeal from Bates County Circuit Court.*

*Boggess & Sloan, with Bassett,* for Appellant.

I. Yancy, having after judgment conveyed to Mrs. Dixon, had no longer any interest in the sale of the land, and Mrs. Dixon being no party to the record, and having acquired whatever claim she had after judgment, and subject to the lien thereof, neither she nor Yancy had any right to move to set aside the sale. (Hicks & Hammond vs. Perry, 7 Mo., 346.)

II. Section 30, p. 608, Wagn. Stat., does not require the officer in selling land under execution, to divide the same, even in cases where it is susceptible of division. The matter is left to the sound discretion of the officer, which, when fairly and honestly exercised, will not be reviewed by the courts, especially where the real estate sold consists of a single town lot. (Hicks vs. Perry, *supra*; Rector vs. Hart, 8 Mo., 448; Evans vs. Wilder, 5 Mo., 313; Lisa vs. Lindell, 21 Mo., 127.)

*W. P. Johnson & E. J. Smith*, for Respondents.

I. The lot was susceptible of division and the sheriff should have divided it into three lots, and in which case, one-third would have paid the judgment. (Wagn. Stat., 608, § 30; Hicks vs. Perry, 7 Mo., 346; Rector vs. Hart, 8 Mo., 448.)

II. On a motion to set aside a sale, the matter rests very largely in the sound discretion of the court passing upon the motion. And where the sale is set aside, this court will not reverse, unless it is clear that error has been done so as to work a great hardship on the purchaser, which could hardly be where the sale is set aside. Certainly it is not so in this case. (Rector vs. Hart, *supra*; Goode vs. Crow, 51 Mo, 212.)

WAGNER, Judge, delivered the opinion of the court.

From the record it appears that a judgment was recorded against the defendant, Yancey, for $40 debt and $11.52 cost; and to satisfy an execution issued thereon the sheriff levied upon and sold a lot in the town of Butler, as the property of Yancey, for the sum of $157, which paid off the execution and left a balance of $94.35 in the sheriff's hands. A deed was made to the purchaser, and the money due on the execution was paid to the attorney of the plaintiff in the execution.

At the same term at which the sale took place, Yancey and Dixon, the latter having purchased the lot from the former subsequent to the rendition of the judgment, appeared and

filed their motion to set aside the sale, mainly on the ground that the sheriff had failed to do his duty in not dividing the lot into parcels when he exposed it for sale. This motion the court sustained, and ordered that the sale be set aside, the deed canceled, and the purchase money refunded.

It seems that the lot in controversy is a corner lot, in the best business part of the town of Butler, and has a front of seventy-five feet on the courthouse square, by a depth of one hundred feet on another street. The witnesses on the motion all placed the value of the lot at from twelve hundred to fifteen hundred dollars, though it was shown that there was some difficulty about the title. It appears very clearly that lots of the same character were accustomed to being divided and sold in the town for business purposes, and that the lot in question was susceptible of being divided into three equal parcels of 25 feet each, fronting on the courthouse square, and would have sold in that way more advantageously for business purposes. One witness testified that he would have bid the amount of the debt for one-third of the lot. This goes conclusively to prove that more property was levied upon and sold than was necessary to satisfy the execution, had the officer exercised a sound and proper discretion. The statute requires that when an officer makes a levy upon property, he shall divide the same, if susceptible of division, and only sell so much thereof, as will be necessary to satisfy the execution. (Wagn. Stat., 608, § 30.) The provision is a wise one, and is intended to prevent the needless selling of more property than is required to pay off the execution debt. Therefore, where more property is sold by a sheriff under execution than is sufficient to satisfy the same, and the property could have been sold in parcels, the sale will be set aside on motion of a party whose rights are affected.

It is insisted here that the parties who filed this motion have no standing in court, because Yancey, the execution debtor, had parted with all his interest, and Dixon was not a party to the original proceeding. So far as Yancey is concerned the position is correct. He had sold out his entire in-

terest, and it was a matter of no consequence to him whether the sale was set aside or not. But with Mrs. Dixon it was otherwise. She owned the whole estate, subject to the judgment lien, and she was the party directly interested. The conjoining of Yancey with her in the motion could not be made to militate against her rights.

Upon the whole, we are of the opinion that the court exercised a sound discretion and did justice according to the merits of the case, and its judgment will be affirmed. All the other judges concur.