TETHEROW, *Plaintiff in Error*, v. CHAMBERS.

**Pleading**: EJECTMENT: SUIT TO SET ASIDE SALE—FOR AN ACCOUNT—TO REDEEM. A petition cannot be sustained as a petition in ejectment if it fails to allege either ouster of plaintiff or possession by defendant; or as a petition to set aside a sale and compel a reconveyance if it fails to allege the execution of a deed; or as a petition by a mortgageor for an accounting for the rents and profits of the mortgaged premises, if it fails to allege that the mortgagee has taken possession; or as a petition to redeem if it fails to allege that the mortgagee is in possession of the mortgaged premises and has refused to permit the mortgageor to redeem.

*Error to DeKalb Circuit Court.*—Hon. Joseph P. Grubb, Judge.

Affirmed.

*Samuel G. Loring* for plaintiff in error.

*Strong & Mosman* for defendant in error.

Norton, J.—This case is before us on writ of error presented by plaintiff from a judgment rendered by the circuit court of DeKalb county, on sustaining a demurrer to plaintiff's second amended petition. In said petition plaintiff, in substance, "alleges that he owed Chambers $1,000; gave his note for same at twelve months, with ten per cent interest, and to secure it executed a deed of trust on lands in DeKalb county, Missouri, to Morgan, as trustee, with power of sale, and providing that in case of death of Morgan, the sheriff of DeKalb county might sell as substituted trustee, after notice of time, terms, place of sale, and of property to be sold; that Morgan died; that plaintiff defaulted as to payment; that defendant requested the sheriff to sell; that said sheriff did sell without any authority whatever to act in the premises, and without having given any notice of time, terms and place of sale, and of the property to be sold; that defendant purchased the land at said sale." Plaintiff nowhere alleges that defendant ever received a deed for said land, nor that he is, or ever was, in possession of it, nor that plaintiff was ever ousted by reason of the said sale. It is further alleged that in 1864, the time when said sale was made, Stewartsville, the place at which it was made, was occupied by federal troops, that it was an inauspicious time to sell, and that defendant agreed with plaintiff to buy said land, hold it as security for the debt, and reconvey to plaintiff upon his paying within ten years the debt and interest. After alleging defendant's refusal, the plaintiff asks that the sale

be declared void, and the land vacated, and that an account be ordered to be taken and that he be permitted to redeem.

We are of the opinion that the demurrer was properly sustained, the petition not being good either as an action of ejectment, because it neither alleges ouster of plaintiff nor possession by defendant; or, as a bill to set aside a sale, vacate a deed, and compel a reconveyance, because it does not allege the execution of a deed by the sheriff to defendant, conveying to him the land; or, as a bill to take an account between the mortgageor and mortgagee, because it does not allege that defendant either as mortgagee went into possession of the land after condition broken, or that he entered into possession of the same under the sale made by the sheriff; or, as a bill to redeem, because it does not allege that defendant refused to allow plaintiff to redeem on the payment by him of the debt and interest which the deed of trust was given to secure; the only allegation on this subject being that plaintiff in 1866 offered to pay the balance of the debt upon defendant's accounting for the rents of said lands, without alleging that defendant had entered into possession of said lands either as mortgagee or purchaser at the trustee's sale. Judgment affirmed, in which all concur, except RAY, J., absent.