GORDON, *Appellant*, v. O'NEIL *et al.*

1. **Fraud:** EVIDENCE. The evidence in a case to set aside a sheriff's deed on account of fraud, examined, and *held* that the charge was not sustained by the proof.

2. **Sheriff's Sale:** INADEQUACY OF PRICE. Mere inadequacy of price is not sufficient to set aside a sheriff's sale.

3. ———: ———: REGULARITY OF PROCEEDINGS. Where there is a gross inadequacy of price, the proceedings of the sheriff on the execution ought to be free from irregularities.

4. **City of Kansas:** SPECIAL EXECUTION FOR STREET IMPROVEMENTS: POWER OF SHERIFF TO DIVIDE PROPERTY. A sheriff, acting under a special execution, issued by virtue of the charter of the City of Kansas, for street improvements, has the power to divide the land levied on, if the same be susceptible of division.

5. ———: ———: ———. The sheriff should sell no more of the land than is necessary to satisfy the execution.

6. ———: ———: ———. Where the sheriff fails to make such division, and it appears that either of the tracts, into which the land could have been divided, would have satisfied the execution, the sale will be set aside.

*Appeal from Jackson Circuit Court.* — HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Dobson, Douglass & Trimble* for appellant.

(1) The land sold is 46x133 feet, fronts on two streets, has two houses on one end and one on the north half of the other end, with room left for a fourth; was worth on the day of sale thirty-five hundred dollars; was only liable for debt and costs amounting to less than seven dollars; it sold for fifty-one dollars; the debtor had no personal notice of the execution or sale, and no less than the whole lot was offered by the sheriff

for sale.　Such a proceeding is sufficient to and does shock the moral sense and outrage the conscience. Therefore the sale should be set aside.　*Railroad v. Brown*, 43 Mo. 294 ; *Nelson v. Brown*, 23 Mo. 13 ; *Mitchel v. Jones*, 50 Mo. 438 ; *Stoffell v. Shroeder*, 62 Mo. 147 ; *Tierman v. Wilson*, 6 Johns. Ch. 411 ; *Stead v. Cowise*, 4 Cranch, 403 ; *Cole County v. Madden*, 91 Mo. 585.　(2) While inadequacy of price alone may not be sufficient to invalidate a sheriff's sale under execution, yet if there is any unfairness in the sale, or lack of the performance of duty by the sheriff, or misleading statements made by the purchaser, or the sheriff, or his deputies, or any irregularity in the sale from which injury resulted to the execution defendant, a court of equity will interfere and grant relief.　*Slator v. Maxwell*, 6 Wall. 268 ; *Rector v. Hart*, 8 Mo. 461 ; *Bouldin v. Ewart*, 63 Mo. 330 ; *Nelson v. Brown*, 23 Mo. 13 ; *Beedle v. Meed*, 81 Mo. 297 ; Freeman on Executions, sec. 309, p. 514 ; *Cole Co. v. Madden*, 91 Mo. 585 ; Rorer on Jud. Sales [2 Ed.] secs. 549, 566, 1086, 1087, 1095 ; *Wine Co. v. Scholer*, 85 Mo. 496 ; *McKee v. Logan*, 82 Mo. 524.　(3) It was the duty of the sheriff to subdivide the lot and sell only such part—a half or a fourth—as was sufficient to satisfy the execution ; and his failure to do so, resulting in a sale of property worth thirty-five hundred dollars to satisfy an execution for four dollars and about three dollars costs, the sale and deed should be set aside.　Sess. Acts 1875, pp. 246, 247 ; R. S., secs. 2368, 2369, 3307 ; *Rector v. Hart*, 8 Mo. 461 ; *Hicks v. Perry*, 7 Mo. 346 ; *Goode v. Comfort*, 39 Mo. 313 ; *Sheehan v. Stockholm*, 10 Mo. App. 469–472 ; *Tiernan v. Wilson*, 6 Johns. Ch. 411 ; *French v. Edwards*, 13 Wall. 506 ; *Executors v. Cowise*, 4 Cranch, 403 ; *Chesley v. Chesley*, 54 Mo. 347 ; *Bales v. Perry*, 51 Mo. 449.　(a) The proof in this case shows conclusively that a less amount than the whole would have satisfied the execution.　*Chesley v. Chesley*, 54 Mo. 347 ; *State ex rel. v. Yancey*, 61 Mo. 397 ; *Kelley v.*

*Hurt*, 61 Mo. 463 ; *Beedle v. Mead*, 81 Mo. 297 ; Hilliard on Taxation, p. 538, sec. 52*a* ; *Polk v. Rose*, 25 Ind. 153 ; *Crowell v. Goodin*, 3 Allen, 535 ; Freeman on Executions, sec. 295, and cases there cited. (*b*) And when the sheriff sells a large body of land in mass in a proceeding to set aside the sale, the burden is upon him to show affirmatively that the debtor was not injured or, damaged by the course pursued. *Kelley v. Hurt*, 61 Mo. 463, citing *Hicks v. Perry*, 7 Mo. 346. (*c*) Where a sale by a trustee will be set aside, a sale by a sheriff under execution would be set aside. *Goode v. Comfort*, 39 Mo. 313 ; *Chesley v. Chesley*, 49 Mo. 541 ; s. c., 54 Mo. 347 ; *Bales v. Perry*, 51 Mo. 449 ; *Vail v. Jacobs*, 62 Mo. 130. (*d*) It makes no difference if the land sold has been usually known and treated as one parcel only. Freeman on Ex., sec. 295, and the authorities there cited. (4) It was the duty of the sheriff, if reasonably within his power, to personally notify the defendant of the execution against him and of his right to elect what part of the lot should be first offered for sale ; and also to advise bidders at the sale of the location and size of the lot, and the amount and character of the improvements upon it. It having been easily within the power of the sheriff to do each of those things, by the use of the most ordinary diligence, and his not having done so resulting in a sacrifice of defendant's property, worth five hundred times the amount of the execution to be satisfied, a court of equity should set the sale aside. *Goode v. Comfort*, 39 Mo. 313 ; *Bales v. Perry*, 51 Mo. 449 ; *Stoffel v. Shroeder*, 62 Mo. 147 ; Freeman on Executions, secs. 108, 211, 308, 309 ; *State v. Yancy*, 61 Mo. 397 ; *Turner v. Adams*, 46 Mo. 95. (*a*) Section 2369, Revised Statutes, evidently contemplates that the sheriff shall notify the execution debtor so that he may exercise the right given him by the statute to elect what part of his property shall first be offered for sale. *Duncan v. Matney*, 29 Mo. 368. (*b*) The sheriff is trustee and agent for both parties under an execution

sale, and it is his duty to inform himself fully as to the character and value of the property to be sold and advise bidders thereof, and to generally protect the interest of the parties, the same as a trustee under a deed of trust. *Shaw v. Potter*, 50 Mo. 281 ; *Kelley v. Hurt*, 61 Mo. 463 ; *Chesley v. Chesley*, 49 Mo. 541 ; s. c. 54 Mo. 347 ; *Conway v. Nolte*, 11 Mo. 74 ; Freeman on Executions, secs. 295, 288, and cases cited. (5) If there was any fraud or collusion between the defendant O'Neil, and Dougherty, the deputy sheriff, or if the said deputy was interested in the property purchased, directly or indirectly, or there was any misconduct at the sale, the sale should be set aside as fraudulent and void. R. S. sec. 2387 ; *Parker v. Railroad*, 44 Mo. 416 ; Freeman on Executions, p. 514, sec. 309. (6) "A decree in equity must be founded upon facts consistent with and embraced within the pleadings." If not, it should be reversed. *Newham v. Kenton*, 79 Mo. 382 ; *Ross v. Ross*, 81 Mo. 84 ; *Baldwin v. Whaley*, 78 Mo. 186 ; *White v. Rush*, 58 Mo. 105 ; *Peyton v. Rose*, 41 Mo. 257 ; *Dougherty v. Adkins*, 81 Mo. 411.

*Warner, Dean & Hagerman* for respondents.

(1) In an equity case where the trial court has the witnesses personally before it, and there is abundant evidence to sustain its finding of facts, the supreme court will not interfere and reverse such finding, unless it is clear it should have been otherwise. *Judy v. Bank*, 81 Mo. 404. In equity, in cases of conflicting evidence, the supreme court will defer to the finding of the trial judge. *Erskine v. Lowenstein*, 82 Mo. 301. The finding of the chancellor in equity causes will be deferred to by the supreme court, unless he has manifestly disregarded the evidence. *Snell v. Harrison*, 83 Mo. 652. (2) Mere inadequacy of price will not invalidate a judicial sale. There must be some surprise, accident, fraud, or similar cause, other than the neglect of the party

interested or his inability to raise the money, to induce an order for a re-sale when the sale is made by the writ's own officers and under its own processes and decrees. Freeman on Ex.; sec. 309, and cas. cit.

BLACK, J.—Proceedings to open Grove street were commenced before the mayor of the City of Kansas and then appealed to the circuit court. Benefits to the amount of four dollars were assessed against plaintiff's lot, which has a front of forty-six feet on Grove street and a depth of one hundred and thirty-three feet to Vine street. On the seventeenth of January, 1885, the sheriff sold this lot under a special execution issued on the judgment confirming the assessment, and the defendant O'Neil became the purchaser and received a deed dated the twenty-fifth of the same month.

This is a suit against the sheriff and O'Neil to set aside the deed. The substantial averments of the petition are: That Dougherty, who was a deputy sheriff, and O'Neill conspired together to purchase the property at a nominal consideration, and pursuant thereto prevented other persons from bidding, so that O'Neil became the purchaser at fifty-one dollars, the property being worth thirty-five hundred dollars; that the lot should have been divided and a part only sold.

The witness Thomas says Dougherty came to the store, where O'Neil was engaged, and pointed out the property he wanted O'Neil to buy the next day; that after the sale, Dougherty told O'Neil to go to the tenants and get them to pay something on the rents, and not to settle with Gordon for less than twelve or fifteen hundred dollars; that Gordon came to the store and saw O'Neil after the sale and before the date of the sheriff's deed; that O'Neil asked eleven or twelve hundred dollars in settlement and Gordon left. The witness says he followed Gordon, found him on the street, told him what had transpired, and advised him to get a lawyer. On

the other hand, it appears a large number of sales were made on the same day by the sheriff under special executions issued in condemnation suits. The city comptroller attended, and, in each case, bid the debt and costs. Sheriff Hickman cried the sales and his deputy, Dougherty, acted as clerk. The attendance was unusually large, and the proof is conclusive that the sheriff endeavored to get the best price he could for the property. O'Neil had procured information from an abstract office as to a number of parcels of property to be sold, and bid on several of them, but became the purchaser only of this and one other small parcel. After the sale, O'Neil notified the plaintiff of his purchase, and there is much evidence as to what was done in the way of efforts to settle. O'Neil asked eleven or twelve hundred dollars, and plaintiff made no proposition. O'Neil evidently evaded further conferences until he got his deed.

Dougherty roomed with O'Neil, and they probably had some conversations in relation to these sales; but aside from the evidence of Thomas there is no proof of the alleged fraud. It appears clearly that Dougherty has and had no interest in the purchase, and at the date of the sale had never seen the property. There is an utter failure to show that anything was said or done to prevent persons from bidding. The evidence of Thomas, as a whole, is unreliable and much colored from his anxiety to bring on litigation between these parties. Our conclusion is, that the charge of fraud is not sustained by the proof, and the plaintiff can have no relief on that ground.

The lot sold in this case was worth three thousand dollars. The assessments and costs amounted to $8.55, and the property sold for fifty-one dollars. Mere inadequacy of price is not sufficient to set aside a sheriff's sale; but where there is a gross inadequacy of price, the proceedings of the sheriff on the execution ought to be free from irregularities. *Nelson v. Brown*, 23 Mo. 13.

The question then is, whether the sheriff ought to have sold, or at least offered for sale, a part of the lot.

The evidence shows that there is a two-story frame house on the Grove street front, and that there are two one-story frame houses on the Vine street front. One of these houses rents for twenty dollars and the others each for ten dollars per month. The evidence is, that the lot could be divided into two parcels, one fronting on Grove and the other on Vine street, or by a line running through the center from street to street. The property is valuable only for residence purposes, but it seems to be in a locality where small houses are appropriate improvements. It was said, in the case of *State ex rel. v. Yancy*, 61 Mo. 397, that where more property is sold by a sheriff under execution than is sufficient to satisfy the same, and the property could have been sold in parcels, the sale will be set aside on motion of a party whose rights are affected. The court was then, it is true, speaking of a general execution and of the general statute, which makes it the duty of the officer levying upon real estate to divide the property, if susceptible of division. But section 6, article 7, of the charter of the City of Kansas provides that the special execution in these cases shall command the sheriff, "in case said assessment, interest and costs be not paid to him, to sell the property therein described, or so much thereof as may be necessary to pay such assessment, interest and costs." Under this statute, the officer had the power to divide the property. It contemplates that the officer will exercise a sound discretion in the matter, and if the property is fairly and reasonably susceptible of division, he ought to make the division and sell only so much as will satisfy the execution.

It may be that this property, if offered as a whole at private sale, would sell for as much as if offered in parcels, but that is not the criterion. If the property can be divided without prejudice, and a part will sell for the debt and costs, a part only shall be sold.

Since the debt and costs in this case amounted to but a trifle compared with either part into which the

lot could have been divided, and it is reasonably certain from the evidence that either part would have satisfied the execution, we think the deed should be set aside. The fact that the officer did not know how the improvements on the lot were located, can make no difference in the result; for it was his duty to know whether the property could be divided, and to give that matter proper attention. The plaintiff makes a tender of fifty-one dollars in his bill, and on the payment of this amount to O'Neil, or into court for him, the prayer of the bill should be granted. The judgment is reversed and the cause remanded with directions to the trial court to enter up a decree in conformity herewith. RAY, J., absent; the other judges concur.