262 S.W.2d 353 (1953)
AMITIN et al.
v.
IZARD et al.
No. 28790.
St. Louis Court of Appeals. Missouri.
November 17, 1953.
J. Porter Henry, St. Louis (Green, Hennings, Henry & Evans, St. Louis, of counsel), for appellants.
Leland Jones, M. Guy Hardin, Jr., and White, White & White, St. Louis, for respondents.
HOLMAN, Special Judge.
This is the second appeal in this cause. A reading of our previous opinion will provide a full statement of the facts and an understanding of the issues determined therein. Amitin v. Izard, Mo.App., 252 S.W.2d 635.
The controversy centers around a private road 30 feet wide and 400 feet long extending south from the 9200 block of Gravois Road in St. Louis County. It was established in 1934 and served a portion of a tract of land containing 5.453 acres. The instrument by which the road was established recited that it "shall be for the joint use and benefit of the present and future owners of the property abutting thereon, their heirs and assigns."
*354 In 1946 defendants (appellants) acquired the residence property fronting on Gravois Road and extending back along the east side of said private road for a distance of 316 feet and also acquired a tract on the west side of the said roadway which extended south from Gravois Road about 225 feet.
The plaintiffs (respondents) owned some of the lots fronting on the private road and in 1946 certain of the plaintiffs acquired the remainder of the tract which extended south approximately 800 feet beyond the southern terminus of the road. Shortly thereafter they undertook to develop the land into what became known as Ziden Subdivision. They established and paved Darlene Drive which extended from the private road almost to the south end of the tract. This street connected with Daisy Lane, a short street running west from the south end of Darlene Drive to Niles Place. There were 25 lots laid out in this subdivision and at the time of the final hearing in the Circuit Court most of these had been sold and about 16 houses built thereon.
Before Ziden Subdivision was established, only four or five cars would ordinarily travel on the private road each day. Thereafter many more vehicles began to use the road, a number of them being large trucks containing machinery, lumber and other supplies for the construction of the buildings in the subdivision. The defendants seriously objected to this increase in the traffic. They placed a barrier (wooden horse) at each end of the private road and attached thereon signs reading, "Private RoadKeep Out." Similar signs were placed at the same points on posts by the side of the road. The defendants also stopped a number of cars about to enter the road and caused them to be turned around.
It was this conduct on the part of the defendants that caused the plaintiffs to institute this action seeking to enjoin defendants from interfering with their use of the private road. In the final decree the defendants were enjoined from erecting or maintaining any obstructions or signs of any nature on or adjacent to said roadway interfering with the use by plaintiffs, their heirs and assigns, of said roadway for traffic between Gravois Road and any part of said five-acre tract.
The defendants appealed from that decree and the case was reviewed by this court. The principal issue upon that appeal was to determine whether the private road was established for the use and benefit of the present and future owners of the property abutting laterally thereon or whether it was for the use and benefit of the owners of property in the entire tract.
We held that the road was established for the use and benefit of persons owning or possessing property abutting laterally thereon and that the defendants could use reasonable means to prohibit persons in the subdivision from using the road. It was our view that the defendants were properly enjoined from interfering with the use of the road by persons legally entitled to use the same, but that the decree went too far as it restrained defendants from interfering with the use of the road by anyone in the subdivision.
We reversed and remanded the cause with directions to enter a new decree in accordance with the views expressed in our opinion and in this connection said, "Even though this is a private road it is our view that it may be used freely and without restriction by the persons owning or in possession of property abutting laterally thereon and by any person who may desire to go to said premises for any lawful purpose. The conduct of defendants in placing barriers and `Keep Out' signs upon or adjoining said road was an improper interference with the legal use of the road by the plaintiffs, and the defendants were properly restrained and enjoined from so doing. It would not have been illegal for the defendants to have posted `Private Road' signs except that in each instance they contained the additional words, `Keep Out.'
In view of the construction we have placed upon the instrument creating the private road it is our conclusion that the decree should not have restrained the defendants from taking any reasonable measures *355 to discourage or even prohibit southbound traffic from Gravois Road to points beyond the southern terminus of said 400 foot private road and northbound traffic to Gravois Road originating south of the southern end of the private road. As already indicated, however, these measures must not interfere with the unrestricted use of the private road by those legally entitled to use it."
In due course the trial court entered a new decree, the material portions of it being as follows: "Therefore, it is now ordered, adjudged and decreed that the roadway thirty feet in width and four hundred feet in length established as a private road by John C. Doubek and Hulda Doubek, his wife, * * * is a private road and said roadway may be used freely and without restriction by the plaintiffs owning or possessing property abutting laterally thereon and by any person who may desire to go to said premises for any lawful purpose; and the defendants Harry Izard, Rose J. Izard and Carlton F. Izard and each of them are enjoined from erecting, placing or maintaining upon, along or adjacent to said roadway 30 feet in width and 400 feet in length, established as a private roadway by the said John C. Doubek and Hulda Doubek his wife, as aforesaid, and (any) barricades or any `Keep Out' signs, or signs of any nature, or any obstruction interfering with or hindering or restricting the use by the plaintiffs, their heirs and assigns of said private roadway for pedestrian or vehicular travel, and in connection with their respective tracts or parcels of land abutting laterally upon said 400 feet of private roadway, or by any person who may desire to go to said premises for any lawful purpose.
"This decree does not restrain the defendants from taking any reasonable measures to discourage or even prohibit south bound traffic from Gravois Road to points beyond the southern terminus of said 400 feet private road, and northbound traffic to Gravois Road originating south of the southern end of the said 400 feet private road; however, these measures must not interfere with the unrestricted use of said private road by those legally entitled to use it, as aforesaid. * * * Costs of the proceedings in the Circuit Court ordered taxed against defendants for which execution may issue."
Being dissatisfied with this decree the defendants filed a timely motion for rehearing and to modify the decree and upon same being overruled have again appealed the cause to this court.
The principal question presented by this appeal is whether the decree of the chancellor conformed to the opinion and mandate of this court.
Defendants contend that the only practical and effective means of stopping the unauthorized traffic is to place a barricade at the southern end of the private road and that the decree should have been written in such a manner as to authorize the erection and maintenance of such a barricade. They argue that our prior opinion herein construed the easement as one which only permitted ingress and egress from Gravois Road to points abutting said private road. It is therefore asserted that persons authorized to use the roadway could not proceed south from a point on the roadway into Darlene Drive or vice versa and thus a barricade would not interfere with authorized traffic.
We have carefully studied our opinion and fail to find any expression therein that would justify such an argument. It is true that at the time the easement was created, access to points on the private road could only be had from Gravois Road, but that did not mean it must always remain so. There was no provision in the instrument establishing the easement that so restricted its use. It is our view that, in the absence of specific restrictions, an easement to use a roadway would permit a person to use every inch of said roadway and in so doing one could travel in any of the four directions. Nothing that was said in our previous opinion is contrary to this observation. It will be noted that we specifically defined the illegal traffic as "southbound traffic from Gravois Road to points beyond the southern terminus of said 400 foot private road and northbound traffic to Gravois Road originating south of the southern end *356 of the private road." It is clear that this would not prohibit plaintiffs from using the southern terminus as a means of ingress and egress to points located upon the private road.
We fully agree with the argument of the defendants that the most practical and effective means of controlling the illegal traffic is to place a barrier across the southern end of the private road. The trial court, however, could not have authorized the erection of such a barrier as it would have been an interference with the legal rights of persons entitled to use the road and would have been in conflict with our holding that the road, "may be used freely and without restriction by the persons owning or in possession of property abutting laterally thereon and by any person who may desire to go to said premises for any lawful purpose."
The next complaint of defendants relates to the portion of the decree enjoining them from erecting any "barricades or any "Keep Out' signs, or signs of any nature, or any obstruction interfering with or hindering or restricting the use by the plaintiffs, * * *." They contend that the phrase, "or signs of any nature," prohibits them from erecting any signs even though such may not interfere with the proper use of the easement or pertain to the easement at all.
When the decree is considered as a whole we doubt that it could reasonably be interpreted in such a literal and technical sense. However, since the case will be reversed and remanded upon another ground, we suggest that the trial court dispose of this objection by rearranging that portion of the decree so that it will read "barricades or obstructions or any `Keep Out' signs or signs of any nature interfering with or hindering or restricting the use by the plaintiffs * * *."
Finally, the defendants assert, that the chancellor erred in assessing all of the costs incurred in the circuit court against them. Ordinarily the party prevailing in a case shall recover his costs against the other party. Section 514.060 RSMo 1949, V.A.M.S. In equity cases, however, courts have an inherent, discretionary power to award costs. Either party may be ordered to pay the costs or they may be apportioned among the parties. The determination of this question by the trial court will not be disturbed by an appellate court unless there is an abuse of discretion. Oldham v. McKay, 235 Mo.App. 348, 138 S.W.2d 735; Chapman v. Schearf, 360 Mo. 551, 229 S.W.2d 552; Boatmen's National Bank v. Rogers, 352 Mo. 763, 179 S.W.2d 102; Eureka Real Estate & Investment Co. v. Southern Real Estate & Financial Co., 355 Mo. 1199, 200 S.W.2d 328.
In the instant case, as indicated by our prior opinion, the principal issue involved a construction of the instrument by which the easement was established, in order to determine whether the private road could be used as a means of ingress and egress from Gravois Road into the subdivision. Upon this issue the defendants completely prevailed. The plaintiffs prevailed, in part, upon the injunction issue as the measures that had been taken by the defendants restricted authorized as well as illegal traffic.
We have concluded that since the defendants prevailed upon the main issue in the case, it was an abuse of discretion, in a legal sense, to assess all of the costs against them. The situation is very similar to that which existed in Oldham v. McKay, supra, in which the court held that the assessment of the costs against one of the parties violated equitable principles and constituted an abuse of discretion. We feel that an equitable determination of this question would require that one-half of the total costs in the circuit court be assessed against the plaintiffs and the remaining one-half against the defendants.
The cause is reversed and remanded with directions to the trial chancellor to modify the decree in accordance with the views expressed in this opinion.
BENNICK, P. J., and ANDERSON, J., concur.